IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **LHF PRODUCTIONS, INC.**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No. 16 C 6803 |
| | ) |
| **DOES 1 - 31**, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

In this action brought by LHF Productions, Inc. ("LHF") against 31 "Doe" defendants, Mary Gutierrez ("Gutierrez") has filed a pro se handwritten "Motion To Squash [sic]" (the "Motion," Dkt. No. 12) that targets LHF's subpoena to third-party ISP Comcast ("Comcast") that reads in full:

I am filing this Motion to squash the subpoena based on lack of personal service. Although filings by pro se litigants are scrutinized through a more generous lens (Haines v. Kerner, 404 U.S. 519 (1972), that principle does not provide such nonlawyers with a license to ignore all of the operative pleading standards established by the Federal Rules of Civil Procedure ("Rule") -- and Gutierrez' filing is a poster child for the application of that principle.

Here Rule 45(b)(3)(A) sets the standards for the quashing or modification of a subpoena, and the burden of demonstrating that a subpoena fails to meet that Rule's standard is imposed on the party seeking such relief. Here Gutierrez has said absolutely nothing that would qualify her for such relief -- indeed, the subpoena is not directed to her but rather to Comcast, which has not objected. And the fact that Gutierrez has not been served in this action is no basis for

noncompliance with the subpoena by third-party Comcast.  In sum, Gutierrez has provided no arguable basis for considering the Dkt. No. 12 Motion, and it is denied.

                                                      /s/ Milton I. Shadur  
                                                      _____  
                                                      Milton I. Shadur  
                                                      Senior United States District Judge

Date:  October 11, 2016